UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 15-20219-CIV-ALTONAGA/O'Sullivan

JANE DOE,

    Plaintiff,
v.

MONICA EGEA, *et al.*,

    Defendants.
_____/

**ORDER**

THIS CAUSE came before the Court upon Defendants, Monica Egea and Natalie Egea's Motion to Dismiss Plaintiff's Complaint [sic] ("Motion") [ECF No. 27], filed June 2, 2015. By their Motion Defendants presumably seek to dismiss Plaintiff, Jane Doe's Second Amended Complaint ("SAC") [ECF No. 18] for lack of subject matter jurisdiction. Plaintiff filed her Response . . . ("Response") [ECF No. 28] on June 18, 2015. The Court has carefully reviewed the parties' written submissions and applicable law. For the reasons explained below, the Motion is granted.

**I.  BACKGROUND**

Plaintiff filed a two-count Complaint [ECF No. 1] against Defendant Lazara Fernandez on January 20, 2015, on the basis of diversity jurisdiction, alleging claims of libel and "Criminal Cyber Stalking/Intentional Infliction of Severe Emotional Distress" predicated upon a violation of a state criminal statute (*id.* 2). Concerned about the basis of the Court's subject matter jurisdiction and service over the foreign (Mexican) Defendant (*see id.* 1), the Court *sua sponte* set the case for hearing [ECF No. 4]. Thereafter, Plaintiff amended her Complaint twice, with a

First Amended Complaint [ECF No. 16] filed March 26, 2015; and later with the operative SAC filed May 6, 2015.

In the SAC, Plaintiff alleges Defendants used the pseudonym "Lazara Fernandez" on the social media Facebook to harass and cyberstalk Plaintiff "as defined by United States Code 47 U.S.C. § 223 (a)(1) and (a)(1)(E)." (SAC ¶¶ 11, 21). As a result of Defendants' outrageous conduct, Plaintiff has suffered severe emotional distress. (*See id.* ¶¶ 15, 17, 25, 27). Plaintiff seeks $100,000 in damages in Count One, titled "Criminal Cyberstalking/Intentional Infliction of Severe Emotional Distress Pursuant to United States Code 47 U.S.C. § 223 (Defendant Monica Egea)." (*Id.* ¶ 18). Plaintiff similarly seeks another $100,000 in Count Two, titled, "Criminal Cyberstalking/Intentional Infliction of Severe Emotional Distress Pursuant to United States Code 47 § 223 (Defendant Nathalie Egea)." (*Id.* ¶ 28).

Defendants challenge the Court's subject matter jurisdiction, insisting (1) the SAC does not properly allege the diversity of citizenship of the parties, as it only alleges Plaintiff's Florida residency rather than affirm she is a Florida citizen, nor does it allege Defendants' citizenship; and (2) the SAC fails to allege the existence of a federal question. (*See generally* Mot.). In response, Plaintiff does not assert there is diversity of the parties' citizenship. Rather, Plaintiff argues the Communications Decency Act ("CDA"), 47 U.S.C. § 223, furnishes an implied private remedy and hence a federal question is presented, giving the Court subject matter jurisdiction over this action pursuant to 28 U.S.C. section 1331. (*See generally* Resp.).

## II.     STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) may present a facial or a factual attack to subject-matter jurisdiction. *See McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). Defendants brings a facial

attack, and so the Court must "merely" "look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [her] complaint are taken as true for the purposes of the motion." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232–33 (11th Cir. 2008) (internal quotation marks and citation omitted; alteration added). Nevertheless, the Court is "not required to accept mere conclusory allegations as true . . . ." *Lawrence v. United States*, 597 F. App'x 599, 602 (11th Cir. 2015) (alterations added; citation omitted).

### III. ANALYSIS

Defendants argue the CDA is a criminal statute that does not provide individual plaintiffs a private right of action. (*See* Mot. 5). In this, Defendants are correct. The CDA is a criminal statute that prohibits the making of "obscene or harassing" telecommunications. 47 U.S.C. § 223(a). Certainly a criminal statute may supply an implied right of action, but only if Congress so intended. *See Thompson v. Thompson*, 484 U.S. 174, 179 (1988). As the Eleventh Circuit recently explained in *Rock v. BAE Systems, Inc.*, 556 F. App'x 869 (11th Cir. 2014):

> In this context, the Supreme Court has discussed four factors: (1) whether the plaintiff is a member of the class for whose especial benefit the statute was enacted; (2) whether there is any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one; (3) whether an implied private remedy is consistent with the underlying purposes of the legislative scheme; and (4) whether the cause of action is one traditionally relegated to state law. . . . However, while these four factors are relevant, the central inquiry remains whether Congress intended to create, either expressly or by implication, a private cause of action.

*Id.* at 870–71 (alteration added; internal quotation marks and citations omitted; citing also *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) (noting criminal statutes "rarely" are read to imply a private right of action)).

As noted by the court in *Viola v. A & E Television Networks*, 433 F. Supp. 2d 613, 618 (W.D. Pa. 2006), "It appears beyond dispute that the CDA criminalizes certain activity and imposes criminal penalties, i.e., fines pursuant to Title 18, which is the criminal code, and imprisonment, for violations thereof." *Id.* (citations omitted). Defendants cite to *Ashland Hospital Corp. v. International Brotherhood of Electrical Workers Local 575*, 807 F. Supp. 2d 633 (E.D. Ky. 2011), where the court noted it was "well settled" "the CDA does not authorize a private right of action." *Id.* at 645 (citing cases). Further, the court stated "[w]here plaintiffs have initiated civil suits under this statute, courts have consistently refused to imply a private right of action." *Id.* (alteration added; citing additional cases).

In response to these and to other cases cited by Defendants in their Motion, Plaintiff merely quotes from section 223 and relies on a tortured reading of the statute to advance the argument Congress "could have limited the cause of actions only to government actors with a simple clause, but did not." (Resp. 4). As Plaintiff sees it, the following language in the CDA, "A fine under this paragraph may be assessed either — (i) by a court, pursuant to civil action by the Commission or any attorney employed by the Commission . . . , or (ii) by the Commission after appropriate administrative proceedings," 47 U.S.C. § 223(5)(B) (alterations added), creates a list of mutually exclusive means of enforcement. (*See* Resp. 5). Plaintiff concludes this is so given Congress's use of the word "or" in between "Commission" and "any attorney employed by the Commission," coupled with the comma after the word "court." (*Id.*). Plaintiff is not a grammarian, nor does her argument about the statute's use of the disjunctive "or" — allowing either the Commission or an attorney employed by the Commission to assess fines — indicate anything about a Congressional intent to create an implied private right of action to an otherwise singularly criminal statute.

## IV.   CONCLUSION

For the foregoing reasons, and because no basis for the Court's subject matter jurisdiction appears from the face of the Plaintiff's Second Amended Complaint, it is

**ORDERED AND ADJUDGED** that Defendants, Monica Egea and Natalie Egea's Motion to Dismiss Plaintiff's Complaint **[ECF No. 27]** is **GRANTED**.  The Clerk is instructed to mark this case as CLOSED.

**DONE AND ORDERED** in Chambers at Miami, Florida this 25th day of June, 2015.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record